IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HASSAN AMEER SMARTT, | | |
| | Plaintiff, | No. CIV S-07-1428 FCD EFB P |
| vs. | | |
| JEFFREY ROHLFING, et al., | | ORDER AND |
| | Defendants. | FINDINGS AND RECOMMENDATIONS |
| _____/ | | |

Plaintiff is a prisoner proceeding without counsel and i*n forma pauperis* in an action filed under 42 U.S.C. § 1983. *See* 28 U.S.C. § 1915(a). The case was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1). On April 9, 2008, the court found that the initial complaint failed to state a cognizable claim for relief and dismissed it with leave to amend. On May 12, 2008, plaintiff filed an amended complaint.

The court has reviewed the amended complaint pursuant to 28 U.S.C. § 1915A and, at least for purposes of § 1915A screening, finds that it states a claim that several physicians were deliberately indifferent to his serious medical needs by refusing to approve a physician's referral to an ear, nose and throat specialist. However, the court cannot order service of process until plaintiff files an amended complaint identifying those individuals by name.

////

1

For the reasons explained below, the court finds that the amended complaint does not state a claim for relief against defendant Rohlfing. Thus, the court recommends that the claim against this defendant be dismissed.

As in the initial complaint, plaintiff alleges that while he was confined at High Desert State Prison, he was housed in a gymnasium, where he slipped and fell. His face hit a steel table. Defendant Rohlfing examined plaintiff and prescribed Motrin for pain. Plaintiff believed that his nose was broken and requested that it be x-rayed. Defendant Rohlfing denied the request. As a new basis for relief, he alleges that he filed a grievance against defendant Rohlfing, but the defendant refused to respond to it. It is not clear exactly how much time passed, but some time after seeing Dr. Rohlfing, plaintiff was examined by another doctor, who is not a defendant. This doctor diagnosed plaintiff with nasal polylps, a small blood clot, and "possible allergic rhinitis and epistaxis secondary to" the trauma to his nose, and prescribed medications. Am. Compl, at 2. Also as a new basis for relief, plaintiff alleges that he suffered severe headaches, difficulty breathing and repeated nose-bleeds. A physician recommended that he be referred to an ear, nose and throat specialist, but they refused to do so. He does not allege the names of the members of that committee. After plaintiff was transferred to California State Prison - Solano, he was permitted to see an ear, nose and throat specialist, who recommended surgery. As explained in the initial screening order, to state a claim under 42 U.S.C. § 1983, plaintiff must allege that a particular person deprived plaintiff of a right secured to him by the Constitution or laws of the United States while acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48-49 (1988). To state a claim defendants provided constitutionally inadequate medical care, plaintiff must allege acts or omissions evidencing identified defendants knew of and disregarded plaintiff's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Neither defendants' negligence nor plaintiff's general disagreement with the treatment he received suffices to state a claim. *Estelle*, 429 U.S. at 106; *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988); *Jackson v. McIntosh*, 90 F.3d

330, 331 (9th Cir. 1996). To state a claim for violation of the Due Process Clause of the Fourteenth Amendment, a plaintiff must allege a defendant denied plaintiff a specific right protected by the federal constitution without procedures required by the constitution to ensure fairness, or deliberately abused his power without any reasonable justification in aid of any government interest or objective and only to oppress in a way that shocks the conscience. *Sandin v. Connor*, 515 U.S. 472, 483-84 (1995); *Daniels v. Williams*, 474 U.S. 327, 31 (1986); *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 569 (1972). Prisoners have "no legitimate claim of entitlement to a grievance procedure." *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.), *cert. denied*, 488 U.S. 898 (1988). Furthermore, while prisoners have a First Amendment right to file prison grievances, *Bruce v. Ylst*, 351 F.3d 1283 (9th Cir. 2003), they have no corresponding right to a response, *see McDonald v. Smith*, 472 U.S. 479, 482 (1985) (right to petition is a right of expression).

Plaintiff's allegations against defendant Rohlfing fail to state a claim under any theory.

As noted above, plaintiff's allegations that the physicians who refused to approve another physician's referral to an ear, nose and throat expert are sufficient at least to state a claim for purposes of 28 U.S.C. § 1915A. However, the court cannot serve the "MAR Committee," because it is not a person. Since plaintiff refers to "John Does," when he mentions this committee, the court construes the complaint as seeking to sue the individual physicians who make up the committee. Documents generated by this committee should be in plaintiff's medical records, to which he has access if he makes a formal request. *See* Cal. Code Regs. tit. 15, § 3370(c). Accordingly, the court grants plaintiff time to obtain the names of the committee members and to file an amended complaint.

Any amended complaint must show that the federal court has jurisdiction and that plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of

3

a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b). The federal rules contemplate brevity. *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)."); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8. Plaintiff must not include any preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases). The court (and defendant) should be able to read and understand plaintiff's pleading within minutes. *McHenry*, 84 F.3d at 1177. A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

1    A district court must construe a pro se pleading "liberally" to determine if it states a
2 claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an
3 opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). However,
4 the "[f]actual allegations must be enough to raise a right to relief above the speculative level on
5 the assumption that all the allegations in the compliant are true (even if doubtful in fact)." *Bell*
6 *Atlantic Corporation v. Twombly*, ___ U.S. ___, 127 S.Ct. 1995, 1965 (2007) (citations omitted).

7    An amended complaint must be complete in itself without reference to any prior
8 pleading. Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff
9 files an amended complaint, the original pleading is superseded.

10    By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and
11 has evidentiary support for his allegations and that for violation of this rule the court may impose
12 sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11. Prison rules
13 require plaintiff to obey all laws, including this one, and plaintiff may be punished by prison
14 authorities for violation of the court's rules and orders. *See* Cal. Code Regs. tit. 15, § 3005.

15    A prisoner may bring no § 1983 action until he has exhausted such administrative
16 remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth*
17 *v. Churner*, 532 U.S. 731, 741 (2001). By signing an amended complaint, plaintiff certifies his
18 claims are warranted by existing law, including the law that he exhaust administrative remedies,
19 and that for violation of this rule plaintiff risks dismissal of his action.

20    Accordingly, the court hereby orders that the allegations of the complaint are sufficient
21 for purposes of 28 U.S.C. § 1915A to state a claim that the members of the Medical
22 Authorization Committee were deliberately indifferent to plaintiff's serious medical needs when
23 they refused to approve a referral to an ear, nose and throat specialist. *See* 28 U.S.C. § 1915A.
24 ////
25 ////
26 ////

Plaintiff has 40 days from the date this order is signed to obtain the names of the committee members and to file an amended complaint identifying these individuals by name. Failure to do so will result in a recommendation that this action be dismissed without prejudice.

It further is RECOMMENDED that claims against defendant Rohlfing be dismissed for plaintiff's failure to state a claim. *See* 28 U.S.C. § 1915A; *see also Lopez v. Smith*, 203 F.3d 1122, 1128 (9th Cir. 2000) (indigent prisoner proceeding without counsel must be given leave to file amended complaint unless the court can rule out any possibility that the plaintiff could state a claim).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 11, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE